# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-0115V
UNPUBLISHED

| | |
|---|---|
| SHIRLEY POKE, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: November 29, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu); Shoulder Injury Related to Vaccine Administration (SIRVA). |
| Respondent. | |

*John Robert Howie, Howie Law, PC, Dallas, TX, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON DAMAGES[1]

On January 6, 2021, Shirley Poke filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she developed a left shoulder injury related to vaccine administration ("SIRVA") after she received an influenza ("flu") vaccination on November 7, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 29, 2022, a ruling on entitlement was issued, finding that Petitioner was entitled to compensation for a Table SIRVA. That same day, Respondent filed a proffer on award of compensation, which indicates Petitioner's agreement to the amount(s) therein. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Pursuant to the terms stated in the attached Proffer, **I award a lump sum payment of $60,000.00 (for all damages, including pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SHIRLEY POKE, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 21-115V <br> Chief Special Master Corcoran <br> ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]

**I. Procedural History**

On January 6, 2021, petitioner, Shirley Poke, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended* (the "Vaccine Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that she developed a shoulder injury related to vaccine administration ("SIRVA"), as identified in the Vaccine Injury Table ("Table"), 42 C.F.R. § 100.3(a), after she received an influenza vaccination on November 7, 2019. *See* Petition.

On November 29, 2022, respondent, the Secretary of Health and Human Services, filed a Rule 4(c) Report, indicating that this case is appropriate for compensation under the terms of the Vaccine Act for a SIRVA Table injury, and later that same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 33, 34.

**II. Items of Compensation**

Based on the record evidence, respondent proffers that petitioner should be awarded a lump sum of **$60,000.00**, for all damages, including pain and suffering. This amount represents

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

### III. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following: a lump sum payment of **$60,000.00**, in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

/s/ NINA Y. REN
NINA Y. REN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
(202) 451-7499
Nina.Ren@usdoj.gov

DATED: November 29, 2022